(125 App. Div. 627.)

FRISHBERG v. WISSNER.

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

TROVER AND CONVERSION—ACTS CONSTITUTING.

Under a lease of a piano, stipulating that on payments specified the piano should be the property of lessee, and forbidding it to be removed from lessee's residence without lessor's consent, where lessor found lessee's residence stripped of its furniture and vacant, and the piano on the veranda, boxed as for a long shipment, he was not guilty of conversion in taking the piano to his place of business, though at the time the rent had been paid.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trover and Conversion, §§ 232–244.]

Appeal from Municipal Court of New York.

Action by David Frishberg against Otto Wissner. Judgment for plaintiff, and defendant appeals. Reversed, and a new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Richard W. Newhall, for appellant.
James Burke, Jr., for respondent.

GAYNOR, J. The agreement between the defendant and the plaintiff is a written lease of a piano by the former to the latter at $10 a month, and also at the foot thereof that if the plaintiff pay $25 down

and $10 a month thereafter until $450 shall be paid a receipt in full shall be given for the piano. The lease contained a provision that the piano should not be removed from the plaintiff's residence without the consent in writing of the defendant. The defendant found the plaintiff's residence stripped of its furniture and vacant on September 10th. His piano was on the veranda, boxed with cushions about it, and with rollers or castors on the frame or box, as for a long shipment. The veranda was partly open and the piano exposed to moisture. He took it to his place of business. The rent had been paid up to September 20th. No one could be found in or about the house. The plaintiff has recovered judgment herein for conversion of the piano. There was no conversion by the defendant. He was justified in believing that the piano was about to be shipped away. It would not have been boxed as it was except for that purpose. Moreover, it had already been removed from its place in the plaintiff's house. The plaintiff was about to go to Europe where his wife and most of his family had preceded him, and did go a few days afterwards. The taking of the piano out of the house and boxing it with the intention of sending it away was an unlawful dominion over it which amounted to a conversion of it by the plaintiff. Bristol v. Burt, 7 Johns. 254, 5 Am. Dec. 264; Reynolds v. Shuler, 5 Cow. 323. The testimony of the plaintiff's son that the piano was put on the veranda to be moved back into the house if a tenant could be got for the house who would consent to store the piano in the house, or else to be taken to a storage warehouse, is against the facts and not to be credited. It would not have been boxed and banded for a long shipment if that were true.

What the plaintiff's rights are under the conditional sales law is not involved in this case.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.